CONTINENTAL FINANCE CORPORATION, RESPONDENT, v. LOUIS M. WARREN ET AL., APPELLANTS.

Submitted January term, 1932—Decided April 26, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellants, *Jacob J. Tandler*.

For the respondent, *Kenneally & Arkush*.

PER CURIAM.

The action was by the plaintiff, a small loan company licensed under chapter 49 of the laws of 1914, to recover on a promissory note made March 7th, 1928, for $150 with interest at three per cent. per month. There was judgment for the plaintiff on a trial in the First District Court of Hudson county and the defendant appeals.

It was contended by the defendant in the court below and is contended here that the plaintiff was carrying on business in violation of the statute quoted without having first obtained a renewal of its license from the department of banking and insurance and that the case fell under the ban of section 6 of the act, reading as follows:

"The violation of any provision of this act shall be a misdemeanor · * * *. Every loan in connection with which such violation shall have occurred shall be absolutely null and void and the borrower shall be entitled to recover from the lender any and all sums paid or returned on account of or in connection with such loans."

It would appear from the state of the case that at the time the note was taken the company was duly licensed by the depatment of banking and insurance, and it is not claimed that the making of the loan represented by the note in any respect violated the statute. It was, therefore, entirely valid. The company, however, did not renew its license for the years 1930 and 1931, probably because in the interval between the making of the note and 1930 the legislature had passed the amendment to the small loan statute reducing the interest rate. The only proof that it was engaged in business appears to be that it collected the interest on the note at the rate prescribed therein and that it brought the present action for its collection. The trial judge held that this was not doing business within the contemplation of the statute.

We think he was clearly right. Section 1 of the act defines what shall constitute engaging in the business and defines the persons or corporations so engaging. The collection of principal or interest on the obligations held by the licensee is not one of the enumerated acts and no rule of construction would justify us in holding that it was within the contemplation of the statute.

The judgment is affirmed, with costs.