ROGERS, Justice.
 

 This is a' suit by Dr. E. K. Harris, formerly operating under the Small Loan Law (Act No. 7 of the Special Session of 1928) as the South Shreveport Finance & Loan Company, to recover a balance due of $81.-74 on the principal of two promissory notes with 8 per cent, per annum interest thereon from December 26, 1934. There was judgment for plaintiff in the court of first instance, the First city court of Shreveport, and the judgment was affirmed on appeal by the First judicial district court for the parish of Caddo. A writ of certiorari has brought the case here.
 

 There is no dispute about the facts. The dispute is over the interpretation of the provisions of the Small Loan Law. During the years 1929 and 1930 plaintiff was duly qualified to do business under the provisions of the statute. Plaintiff failed to qualify for the year 1931 and subsequent years and no further licenses were issued to him. The notes sued on were executed and delivered to plaintiff during the time he held a license to engage in the business authorized by the legislative act. When the license issued for the year 1930 expired on December 31, 1930, the balance due on the principal of the two notes sued on was $81 and $101 respectively. Interest at 3% per cent, per month was charged and collected by plaintiff until August 2, 1932, at which date a voluntary agreement was entered into between the parties reducing the rate of
 
 *919
 
 interest to 8 per cent, per annum. The payments made by defendant on the principal and interest, as charged and collected by defendant, of the notes subsequent to December 31, 1930, reduced the amount due on the principal of both notes to $81.74, with interest paid thereon to December 26, 1934, which is the amount claimed by plaintiff in his suit.
 

 It is contended by plaintiff that as the loan represented by the notes was made at a time when he was licensed to do business under the Small Loan Law he was authorized to charge and collect interest thereon at 3% per cent, per month after his license had expired. On the other hand, it is contended by defendant that under the plain terms of the statute plaintiff’s right to charge and collect interest on the loan at 3% per cent, per month ceased when plaintiff’s right to do business ceased. And defendant claims that as plaintiff was not entitled to collect interest at the rate charged, defendant’s obligation has been annulled; or, in the alternative, as plaintiff was not permitted to charge more than 8 per cent, per annum interest, the ’ amount of principal and interest on his loan has been overpaid to the extent of $11.84, for which amount he asks for judgment.
 

 Section 1 of the Small Loan Law provides that:
 

 “No person, co-partnership or corporation
 
 shall engage in the business of making loans of money,
 
 credit, goods or things in action in the amount or to the value of Three Hundred Dollars ($300.00) or less,
 
 and charge, contract for or receive a greater rate of interest than eight (8) per centum per annum therefor,
 
 except as authorized by this Act and
 
 without first obtaining a license
 
 from the State Bank Commissioner hereinafter called the licensing official.” (Writer’s italics.)
 

 This section defines what shall constitute engaging in the business authorized by the statute. It expressly enumerates the charging, contracting for, or receiving interest as well as the making of the loan as elements of “engaging in the business.” The charging and receiving of interest
 
 bf'
 
 a person, copartnership, or corporation is as completely within the prohibition of the statute against doing business without a license as is the loan on which the interest is charged and collected.
 

 The purpose of the Legislature in enacting the Small Loan Law was not merely to regulate the lending of money in sums of $300 or less, but to regulate the charging, contracting for, or receiving interest on the money at a rate in excess of 8 per cent, per annum. Whenever a money lender desires to obtain a larger return on his money than 8 per cent, per annum interest, he may do so by paying the license, giving the bond, and complying with the other requirements of the statute granting the privilege.
 

 We find nothing in the law to support defendant’s contention that the collection by plaintiff, while not qualified, of more than 8 per cent, per annum interest,, nullified his obligation. The only penalty incurred by plaintiff for failing to maintain his qualification after December 31, 1930, was the limitation of his right to ex
 
 *921
 
 act interest on the outstanding loans at a .greater rate than 8 per cent, per annum. .
 

 Inasmuch as it is admitted that the payments made by defendant on the principal and interest, computed at 8 per cent, per1 annum, on his obligation after December 31, 1930, were more than sufficient to discharge the obligation, there must be judgment in defendant’s favor, rejecting plaintiff’s demand. Defendant’s claim asserted in reconvention for the overplus in his payments of $11.84 must also be disallowed. The claim for such overplus was not made until more than two years after payment of the unauthorized interest had ceased. Hence, it cannot be recovered. Civ. Code, art. 2924.
 

 We find no inconsistency between the ■views herein expressed and the two decisions cited by plaintiff, viz.: Morris Plan Bank v. Schmidt, 164 So. 270, decided by the Court of Appeal for the Parish of Orleans, and Continental Finance Corporation v. Warren, 160 A. 87, 10 N.J.Misc. 607.
 

 For the reasons assigned, the judgment ■of the First judicial district court for the parish of Caddo on review herein is annulled, 'and it is now ordered that there be judgment in favor of defendant, W. M. Stephenson, and against the plaintiff, South Shreveport Finance & Loan Company, rejecting plaintiff’s demand. Defendant’s reconventional demand is also rejected. All costs of suit are to be paid by plaintiff.
 

 ODOM, J., dissents.
 

 O’NIELL, C. J., absent