It is hereby ordered, adjudged, and decreed that the judgment appealed from be reduced to the sum of $263, with interest thereon from judicial demand until paid. Defendant to pay the cost of the lower court. Appellee to pay the cost of this court; and it is further ordered that the application for rehearing be, and the same is hereby, refused.

## BAHAM v. F. W. WOOLWORTH & CO.

### No. 1627.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

For prior opinion, see 169 So. 798.

J. Elton Huckaby, of Baton Rouge, for appellants.

W. A. Benton, of Baton Rouge, for appellee.

## PER CURIAM.

We have carefully considered the issue presented to us on this application for rehearing.

We find that the lower court together with ourselves granted the plaintiff an excessive judgment, considering the fact that she only suffered a temporary ailment of her foot. And therefore for these reasons we have decided to amend the decree by reducing the amount allowed by the lower court by the sum of $250.

For these reasons it is now ordered that the decree heretofore rendered affirming the judgment of the lower court be now amended to read as follows:

## CONTINENTAL BANK & TRUST CO. v. BOUTERIE et al.

### No. 1634.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

For former opinion, see 169 So. 812.

Talley & Richardson, of Bogalusa, and Marcus & Corkern and C. C. Sessions, all of New Orleans, for appellant.

Benj. W. Miller, of Bogalusa, for appellees.

## PER CURIAM.

It is urged in the application for rehearing that there is no proof in the record that the plaintiff is the holder and owner of the note sued on. This is incorrect. Mr. Brock testified that the Continental Bank & Trust Company, in liquidation, is the holder and owner of this note. There was no denial of this testimony in any part of the evidence offered in the case, and we accepted this testimony as true.

It is contended that we in effect overruled the cases of Stevens v. Sonnier, 11 La.App. 398, 122 So. 894, and Collins v. Magee, 15 La.App. 66, 130 So. 267. These cases have no relevancy to the present case. They involved the right of defendants and makers to set up, as a defense against a third person, fraud in procuring the notes and want of consideration on account thereof. In the present case there is no contention that the defendants were induced to sign the note through fraud or misrepresentation, but the sole defense is that the defendants were relieved and discharged because of the negligence and laches of the holder in failing to enforce a chattel mortgage given by one of the makers to secure the note.

The note was originally given to the Continental Credit Corporation, the payee, and the note provided for 3½ per cent. per month interest from date on any unpaid balance. The only law in this state allowing the collection of 3½ per cent. per month interest at the time the note was given was the law known as the Small Loan Law, Act No. 7 of 1928, Ex. Sess. In order to charge this rate of interest, in excess of the conventional rate of 8 per cent. per annum, the person or corporation making these small loans is required to secure a license and comply with certain regulations. This high rate of interest can only be charged so long as this license is in effect. South Shreveport Finance & Loan Co. v. Stephenson, 184 La. 916, 168 So. 100.

Neither the pleadings nor the facts show that the original payee of the note, the Continental Credit Corporation, was licensed under the above law. Nor is it shown that the holder of the note, the plaintiff bank, has any such license. Therefore, under the above decision of the Supreme Court plaintiff cannot collect 3½ per cent. per month interest, but must be restricted to the conventional rate of 8 per cent. Plaintiff, as holder, has the right to enforce the note, even though it passed out of the hands of the original holder. Morris Plan Bank v. Schmidt et al. (La. App.) 164 So. 270. We will therefore amend our original decree to conform to these views.

It is therefore ordered that our former decree herein be, and the same is hereby, amended, so as to provide for 8 per cent. per annum interest on the balance due on said note until paid, instead of 3½ per cent. per month as provided in said decree.

With this amendment of the decree, the application for a rehearing is hereby refused.