Plaintiff seeks judgment against Harold W. Liles, maker, and Mrs. Elizabeth C. Liles and W.L. Sudduth, accommodation endorsers, of a note executed and delivered under the provisions of Act No. 7 of the Extra Session of the Legislature of 1928, known as the Small Loan Act, for alleged balance due thereon. The note originally was for One Hundred Fifty and no/100 ($150) Dollars and is dated December 3, 1930. It was payable in installments of Ten ($10) Dollars per month with three and one-half (3 1/2%) per cent interest monthly on unpaid balances.
Due to his absence from the United States for many years, Harold W. Liles was not served with process. The endorsers resisted the suit on various grounds.
The lower court at the end of first trial gave judgment for the balance for which sued, less a credit of Forty-Seven and 50/100 ($47.50) Dollars. A rehearing was granted on defendants' motion and after second trial, plaintiff's demand was rejected and its suit dismissed. It appealed.
The rejection of plaintiff's demand was based upon its failure to allege and prove that its license to operate under said act was renewed from year to year after acquiring the note sued on, a condition precedent to the right to collect interest at the statutory rate of three and one-half (3 1/2%) per cent per month; it also being shown that the payments made are sufficient to discharge the note in principal and interest at the rate of eight (8%) per cent per annum. This issue was not raised prior to the first trial.
Section 1 of the act provides that no person, natural or artificial, shall engage in the business of making loans of money to the amount of Three Hundred and no/100 ($300) Dollars and charge thereon a rate of interest in excess of eight (8%) per cent per annum "except as authorized by this Act and without first obtaining a license from the State Bank Commissioner hereinafter called the licensing official". Section 4 provides that after the filing of application for a license and the approval of bond and the payment of the fee as required by the act, the license official shall issue to the applicant a license to make loans in accordance with the provisions of the act, which shall expire on the 31st day of December of the year in which issued.
The rights conferred upon a licensee under the Small Loan Act are in derogation of those common generally to lenders of money. This act legalizes the doing of things which theretofore were wholly illegal and, in fact, were regarded as unconscionable. For the licensee to be in a position to reap the benefits of the extraordinary permissible provisions of this act, it is mandatory that he bring his case well within the strict requirements thereof, among which is the obtention annually of *Page 719 
the license described therein. No presumption or assumption may be indulged from the fact that at a given time a litigant did hold a license pursuant to the provisions of the act. Proof of renewals must be made when the right to enforce obligations contracted pursuant to its provisions is judicially challenged. The act, because of its unusual scope and purview, must be strictly construed against those who choose to operate under its provisions. The courts of this state are unanimous in this respect. Industrial Loan Company of Monroe, Inc., v. Noe, La.App., 183 So. 175; Continental Bank Trust Company v. Bouterie et al., La.App., 170 So. 507; South Shreveport Finance Loan Co. v. Stephenson, 184 La. 916, 168 So. 100.
In this last case the Supreme Court held that a licensee under this act whose license had expired could not legally thereafter collect more than eight (8%) per cent on notes originally stipulating for the payment of three and one-half (3 1/2%) per cent monthly; that this was true although at the time the loan was made the lender held a legal license.
In the Bouterie et al. case, the Court of Appeal for the First Circuit held: "Recovery of interest on note providing for payment of 3 1/2 per cent. per month interest held restricted to conventional rate of 8 per cent., where neither original payee nor holder had license under Small Loan Law to charge excess rates (Act No. 7 of 1928, Ex.Sess.)."
Therefore, in view of the foregoing, plaintiff was not entitled to judgment because it did not allege nor prove nor attempt to prove that for the years succeeding that in which the note was executed to the time suit was filed, it held a license as required by the act; it appearing also that the payments made were sufficient to extinguish the note with interest at the rate of eight (8%) per cent per annum.
Plaintiff attached the note sued on and made it a part of the petition. The note contains this declaration, to-wit: "The payee herein named is licensed by the State of Louisiana to make loans in sums of three hundred ($300) Dollars or less at a rate of interest not exceeding three and one-half (3 1/2%) per cent. per month."
It is argued that this declaration, along with the balance of the stipulations of the note, became part of the petition and this being true, it shows that plaintiff was licensed to do business as contended. This argument is vulnerable in two important respects, viz.:
(1) The declaration is not self-proving, and
(2) If it were self-proving, its operative effect did not extend beyond December 31, 1930.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
DREW and HAMITER, JJ., concur.