This proceeding began as a suit on a promissory note for the sum of $258.47 secured by a chattel mortgage on certain household effects consisting of a gas stove, two gas heaters, a shot gun and bedroom furniture.
In its petition plaintiff alleges that it is the holder of such a note, dated January 28, 1946, drawn and signed by Woodrow Strickland and Mrs. W.R. Strickland, to the order of bearer, in the principal sum of $273.47, payable in ten consecutive monthly installments and bearing interest at the rate of 3 1/2% per month on any unpaid principal balance not in excess of $150, and at the rate of 2 1/2% per month on any unpaid principal balance in excess of $150.
The transaction was one governed by the Small Loan Law of the State of Louisiana, Act No. 94 of 1942, under which plaintiff alleges it has a license to operate.
After setting out its ownership of the note and that the same is secured by a chattel mortgage, copy of which is annexed to the petition, and that nothing on the said note has been paid except the sum of $15, and after also having made the necessary allegation therefor, plaintiff obtained an order for a writ of sequestration under which the property mortgaged was seized by the Sheriff of East Baton Rouge Parish. Judgment is prayed for in the sum of $258.47 with interest as set out above together with 20% of the total amount due as attorney's fees and with recognition of petitioner's special mortgage, lien and privilege on the property seized.
The defendants filed an exception of no right of action and of no cause of action which was referred to the merits and they then filed their answer in which they deny any indebtedness due by them to the plaintiff. They admit that plaintiff is the holder of the note described in its petition but aver affirmatively that it was paid in full by them on February 15, 1946, and that they have in their possession a receipt in the sum of $273.47 signed by M. May, a representative and agent of the plaintiff and that same is marked "paid in full." Assuming then the position of plaintiffs in reconvention they aver that the writ of sequestration *Page 64 
was wrongfully obtained because of prior payment of the note sued on and that by reason of the illegal and improvident issuance of the said writ and the seizure of their property they are entitled to recover damages in the sum of $1500 for humiliation and mortification and for injury done to their reputations and standing in the community.
After trial of the case in the court below there was judgment in favor of the plaintiff for the amount demanded with recognition of the lien and privilege on the property seized and sequestered and ordering the same to be sold, with appraisement, to pay the claim of the plaintiff or so much thereof as may be necessary with which to do so. The defendants have appealed.
[1] We learn from the written opinion filed by the district judge that the exception of no cause and no right of action was based on an alleged violation of the Small Loan Law by failure of the plaintiff to have issued a receipt for the payment of $15 alleged by it in its petition and also of certain other requirements of the act. For that reason it is urged that the obligation sued on is null and void. The trial judge disposed of the exception by referring to the Small Loan Law itself in which it is provided that the only violation which can cause a loan to become null and void, is the one which prohibits the collection of charges in excess of those permitted by the act. For any other violation of any of the provisions of the act the lender stands to have his license forfeited by the State Bank Commissioner. The cases of Unity Plan Finance Co., Inc. v. Green et al., 179 La. 1070, 155 So. 900, and Morris Plan Bank v. Schmidt et al., La. App., 164 So. 270, appear to support this ruling.
On the merits we find that the case resolves itself into a question of fact and the circumstances surrounding a certain receipt which the defendants produced in support of their affirmative plea of payment.
In presenting its case plaintiff merely offered the note and the other documents in connection therewith, the proof of signature by the defendant, Woodrow Strickland, the alleged payment of $15 on account and then rested.
In presenting the case for the defendants, the first offer made was the receipt which they rely upon under the plea of payment. The testimony was to the effect that this receipt had been given by an employee of the plaintiff in payment of the note sued on. In order to rebut the plea and the testimony in connection with the receipt, plaintiff then offered testimony to explain how the receipt was given and to show that it was in payment of an entirely different and prior indebtedness to the one sued on. This testimony was strenuously objected to by counsel for defendants on the ground that it was inadmissible under the pleadings. The court permitted the introduction of such proof and counsel still maintains that the objection was good and that it had the effect of restricting the issues to those that were confined within the pleadings themselves, thus forestalling any enlargement.
[2, 3] We believe that the trial judge properly permitted this testimony in explanation of the receipt introduced by the defendants on which they rest entirely their plea of payment. Under our system of pleading a plaintiff is not called upon to answer an affirmative plea such as the one that is made in this case. Had that been necessary it might be that, in the absence of an answer to the plea based on the receipt, the objection would have been good. The matter came up on the defendants' own offer and certainly it would be unfair not to permit the plaintiff to explain and rebut the plea if it had some testimony with which to do so. In permitting plaintiff to offer that kind of proof the court found that it was sufficient to rebut the proof offered by defendants and that is why it rendered judgment in favor of the plaintiff rejecting their plea.
The proof tends to show that in a prior transaction between the parties, the defendants had borrowed the sum of $804.75 from the plaintiff and secured their note covering the loan with a chattel mortgage on an automobile and certain household effects. That loan, being for an amount in excess of $300, did not come under the provisions of the Small Loan Law. Some time afterwards they sold the mortgaged car for the sum of $600 which amount was applied to *Page 65 
the $804.75 note, except the sum of $150 which was paid to another finance company which held a prior mortgage and lien. There was left a balance of $273.47 due by the defendants for which a new transaction was entered into culminating in their executing the note sued on herein and securing same by the chattel mortgage on the property seized under the writ of sequestration.
Under its system of financing, plaintiff carried loans of more than $300 on their records as discount loans using the symbol "D" in referring to them. In making loans of $300 and less it was to their advantage to carry them as loans permitted under the Small Loan Law because of the greater rate of interest which could be charged. These were carried on their records under the symbol "SL." It was no doubt to their advantage, after the defendant's original loan had been reduced below the sum of $300 for plaintiff to make an entirely new and separate transaction and, acting under the provisions of the Small Loan Law, this is what they did.
The note of $273.47 is dated January 28, 1946, which is also the date of the chattel mortgage. The receipt produced by the defendants bears the date marked "2/15." Evidently there was some alteration in the date because the figure "5" appears clearly to have been written or transposed over some other figure. Plaintiff's witnesses claim that it was originally dated "2/12" and that as the receipt was never in its possession after it was signed, the alteration was evidently made by someone else. The claim that the real date of the receipt is February 12th is based on the fact that it was on that day that a check was given by them, payable to the defendant W.R. Strickland and plaintiff, jointly, in order to liquidate and clear out the old loan so that the new one could be substituted in its stead. Defendants on the other hand contend that the receipt bears the proper date on which Mrs. Strickland says she went to the office of plaintiff's company and paid them the exact amount of $273.47 in United States currency. They contend therefore that it could not have been given to clear out the old loan as the note was signed by them on January 28th and it was not until February 15th that this payment was made in cash. Plaintiff however, through its witnesses, explains the discrepancy between the two dates by showing that on January 28, 1946 Mrs. Strickland was not present to sign the note and chattel mortgage and that it was not until February 12, 1946 that the transaction was completed in that manner, the check given to clear out the old account and the receipt given to transfer the transaction from one under the symbol "D" to one under the symbol "SL."
The circumstances seem to support the plaintiff's version of the whole transaction. For instance, it is observed that the note and the chattel mortgage each bear a cross mark, evidently placed there for the purpose of indicating to Mrs. Strickland where she was to sign. The check was issued, as testified to by witnesses for the plaintiff in order to clear out the old loan and, as it is dated February 12, 1946, that tends to indicate that the receipt was given on that same day and the figure "5" is undoubtedly an alteration. The receipt is on a regular form prepared by the plaintiff with different columns to indicate the date, the rate of interest, the principal, the balance and the form of transaction. On this receipt there is no interest charge shown, the principal is exactly the amount of the balance that was due on that date on the old loan and for which the new note was given, and the transaction is referred to as "D-577." Mrs. Myrtle May, the person who issued the receipt, explains the transaction just as we have outlined it and against all of this proof and the circumstances surrounding it we have only the testimony of the defendants to the effect that the receipt was given for the payment of cash in currency by Mrs. Strickland to Mrs. May, all of which is positively disputed by Mrs. May.
Mrs. Strickland testified that the money with which they paid the $273 came from an accumulation of her earnings as a nurse helper over a period of more than eighteen months and that even after making the payment she had $30 left. If they had $30 more than enough to pay the balance they owed on February 15, 1946, it is reasonable to assume that they had a sufficient amount saved up on January 28, 1946, with which to pay all they owed on *Page 66 
that day and if they did, it is indeed difficult for us to understand why they went through all the trouble and expense of giving a new note and chattel mortgage which they now claim they paid in full less than three weeks after they were executed.
In addition to all this, Mrs. May testified that the new loan, which is the subject of the note sued on, was carried on their records under the symbol "SL-533" whereas the transaction involving the old loan which was refinanced by the new note bore the identification number "D-577" which is the exact identification given on the receipt by which the old transaction was closed out.
[4] It strikes us that we are presented principally with a question of the credibility of the testimony for the defense and whilst the district judge does not state in his written reasons that he did not believe the defendants when they maintained that they had paid this note in full in cash, the inference is clear that he did not. Certainly against all the other proof and circumstances found in the record which favors the plaintiff we are not prepared to say that he manifestly erred and for the reasons stated is is ordered that the judgment appealed from be and the same is hereby affirmed.