MARY A. BATEMAN, APPELLEE AND CROSS-APPELLANT,
v. HAROLD W. LIGGETT ET AL., APPELLANTS AND
CROSS-APPELLEES.

279 N. W. 2d 137

Filed May 22, 1979. No. 42081.

Padley & Dudden, P.C., and Thomas J. Holmes, for appellants.

Firmin Q. Feltz, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and IRONS, District Judge.

McCOWN, J.

This is an action to foreclose a real estate mortgage. The original lender and mortgagee was a licensee under the installment loan statutes. The plaintiff, Mary A. Bateman, is the assignee of the note and mortgage, and the defendants are the makers and mortgage debtors. Both parties filed motions for summary judgment. Plaintiff's motion for summary judgment was granted, and judgment entered against the defendants for $3,755.08, and foreclosure ordered. Defendants have appealed and the plaintiff has cross-appealed.

On June 11, 1973, the defendants, Harold W. and Betty Liggett, executed a note and mortgage in the principal sum of $2,500 to Commercial Service Company, a partnership composed of A. L. Riedesel and

A. R. Johnson. The partnership was a licensee under the installment loan laws of Nebraska at all times relevant here. The note and mortgage provided for interest pursuant to statute of 2½ percent a month on the unpaid principal balance not in excess of $300; 2 percent a month on that part of the principal balance in excess of $300 and not in excess of $500; 1½ percent a month on that part of the principal balance in excess of $500 and not in excess of $1,000; and 1 percent per month on any remainder. The note was due and payable in full June 11, 1974. At some date a credit of $196.13 was shown on the books of Commercial Service Company as a credit on the note, and except for such credit no payments on the note and mortgage were made.

A. R. Johnson, one of the two partners of Commercial Service Company, died March 22, 1976. In August 1976, Commercial Service Company, by A. L. Riedesel, the surviving partner, assigned and transferred the note and mortgage to the plaintiff. In winding up the affairs of the partnership A. L. Riedesel also made an assignment of other assets for the benefit of creditors in favor of the Keith County Bank & Trust Company, as trustee.

All the transactions here, including the interest rate provided for, were in compliance with the requirements of the installment loan statutes if done by a licensee. The plaintiff does not have an installment loan license, and is not engaged in the installment loan business. This foreclosure action was filed by the plaintiff on November 10, 1977.

Both parties filed motions for summary judgment. On March 23, 1978, after hearing, the District Court found that the credit of $196.13 should be allowed as of the date of execution of the note, making a principal balance of $2,303.87. The court allowed interest on that amount at the prescribed installment loan rates from June 11, 1973, to the date of the assignment of the note to plaintiff on August 26, 1976, in the

sum of $1,233.48, and interest thereafter to the date of judgment, March 23, 1978, at 6 percent per annum in the sum of $217.73, entered judgment for the plaintiff for $3,755.08, and ordered foreclosure of the mortgage. Defendants have appealed and the plaintiff has cross-appealed.

The sole issue on appeal is the amount of interest, if any, that plaintiff is entitled to recover. The defendants contend that the plaintiff cannot collect any interest on the note and mortgage because plaintiff does not have an installment loan license. Plaintiff, on cross-appeal, contends that she should be entitled to collect interest at the rates provided in the note and mortgage.

Under the general usury statute, section 45-105, R. R. S. 1943, if a greater rate of interest than the maximum legal rate (now 11 percent) is contracted for, received, or reserved by a person not an installment loan licensee, the plaintiff can recover only the principal without interest. Licensees under the installment loan statutes are not bound by the regular maximum legal interest rate but if any amount in excess of permitted installment loan charges is charged, contracted for, or received, except as a result of an accidental or bona fide error, the contract or loan is not void but the licensee has no right to collect or receive any interest or other charges whatever. See § 45-137 (5), R. R. S. 1943. In this case the principal is recoverable in any event, no matter which interest statute is held to be applicable.

Defendants rely on the cases of B. A. C. Corp. v. Darr, 176 Tenn. 67, 138 S. W. 2d 420, and South Shreveport Finance & Loan Co. v. Stephenson, 184 La. 916, 168 So. 100, to support their position. Those cases are clearly distinguishable. In the B. A. C. case the assignee of the obligations was engaged in the business of purchasing and collecting notes and mortgages and took over the assets of the finance

company which had made the original loan. The assignee had no license.

In the Shreveport case the finance company was licensed when it originally made the loan and was engaged in the business of making small loans, but failed to maintain its license in effect. There was not even an assignee involved in that case, and there was a provision that noncompliance with the Small Loan Act would make a specified interest rate applicable. In both cases the persons seeking to collect the loans and interest were persons engaged in the business of making loans, and in both cases they had no license to engage in that business.

The Louisiana court reached the opposite result in the case of Morris Plan Bank v. Schmidt, 164 So. 270 (La. App.). In that case Morris Plan Bank, in liquidation, was the assignee of a promissory note made payable to Community Credit Corporation, a small loan licensee. The defendants contended that since the plaintiff was not licensed under the Small Loan Act it had no right to sue and collect interest of more than 8 percent. The court affirmed a judgment for the assignee bank and said: "[W]e cannot see why in the present instance the defendants should escape payment of what they have promised on the technicality that the transferee and present holder of the note given by him happens not to be licensed under the Small Loan Act."

The present case is one of first impression in this state. The installment loan act contains no prohibition against the assignment of loans to a nonlicensee. Our statutes permit any person to engage "in the business" of making loans of money and charging, contracting for, and receiving the maximum installment loan interest after procuring a license. The statutes prohibit persons from engaging in or continuing in the "kinds of business or enterprise permitted to licensees without having a license." See, §§ 45-116 and 45-128, R. R. S. 1943.

In the case now before us the note and mortgage were made in compliance with the installment loan statutes, and the note and mortgage were executed by the defendants voluntarily. The obligations were legally enforceable at the time of execution and are legally enforceable now in the hands of any installment loan licensee. The only obstacle which stands in the way of enforcing the note and mortgage in accordance with their terms is the fact that the person now attempting to collect on the obligations does not have an installment loan license.

The licensee partnership which made the original loan terminated with the death of an individual partner, and the affairs of the partnership were being wound up. The surviving partner assigned and transferred all right, title, and interest of the licensee in the note and mortgage here to the plaintiff, and also made an assignment of other assets for the benefit of other creditors. Although the assignment of the note and mortgage to the plaintiff creditor was not made as a part of the general assignment for the benefit of creditors, we find no justifiable reason to treat plaintiff any differently than an assignee for the benefit of creditors or a trustee in bankruptcy. The note and mortgage here are being collected by the plaintiff as an individual creditor in connection with the liquidation of an installment loan licensee. It would be exalting form over substance to hold that if plaintiff assigned the note and mortgage to an installment loan licensee for collection it could be collected in accordance with its terms, but that if she attempted to collect it directly without reassignment she must forfeit all interest.

Where, in the process of liquidating and terminating the business of an installment loan licensee, a legal and valid installment loan obligation is assigned to a creditor of the licensee in satisfaction of an indebtedness of the licensee, the assignee acquires all the right, title, and interest of the licensee

and may sue for, collect, and receive any lawful rate of interest provided for in the installment loan agreement although the assignee does not have a license to engage in the installment loan business.

The District Court was correct in determining the principal sum due and in accruing interest on that sum at the rate specified in the note and mortgage from June 11, 1973, to the date of the assignment of the note and mortgage to the plaintiff, and in ordering foreclosure. The decree should be modified by vacating that portion of the decree fixing interest at 6 percent from August 26, 1976, to March 23, 1978, and instead substituting the interest rate provided for in the note and mortgage to the date of decree.

AFFIRMED AS MODIFIED.